UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAN 28 2022 PM 1:23
FILED-USDC-CT-NEW HAVEN

UNITED STATES OF AMERICA

v.

JAMES MYERS

CRIMINAL NO.  22cr13-JAM

VIOLATIONS:

21 U.S.C. § 846 (Conspiracy to
Distribute and Possess with Intent to
Distribute Oxycodone)

21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)
(Possession with Intent to Distribute
Oxycodone)

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone)

1.     From in or about April 2017 through in or about September 2020, the exact dates being unknown to the United States Attorney, in the District of Connecticut and elsewhere, the defendant JAMES MYERS intentionally conspired with Anthony Harris, who is charged elsewhere, to distribute, and to possess with intent to distribute, oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO
(Possession with Intent to Distribute Oxycodone)

2.     On or about September 2, 2020, in the District of Connecticut, the defendant JAMES MYERS did knowingly and intentionally possess with intent to distribute oxycodone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

FORFEITURE ALLEGATION
(Controlled Substance Offenses)

3     Upon conviction of one or more of the controlled substance offenses alleged in Counts One and Two of this Information, the defendant JAMES MYERS shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation(s) of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation(s) and a sum of money equal to the total amount of proceeds obtained as a result of the offense(s), including, but not limited to, $4,450 in United States currency seized from ANTHONY HARRIS on September 2, 2020.

4.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant named in this Information: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

2

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a), Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

LEONARD C BOYLE
UNITED STATES ATTORNEY

NATHANIEL J. GENTILE
ASSISTANT UNITED STATES ATTORNEY

CONOR M. REARDON
ASSISTANT UNITED STATES ATTORNEY

3